UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HOGAN,

    Petitioner,

v.                                      Case No: 12-20269
                                              Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER DENYING PLAINTIFF'S § 2255 HABEAS MOTION**

**I.    INTRODUCTION**

This is a habeas case brought under 28 U.S.C. § 2255. Hogan seeks to vacate, set aside, or correct his sentence related to his conviction for conspiracy to commit Medicare fraud. The Sixth Circuit affirmed Hogan's conviction.

This petition is **DENIED.**

**II.    BACKGROUND**

Richard Hogan worked at New Century, a medical facility in Flint, Michigan. He performed various tasks. He administered direct care to patients; acted as a liaison between patients and their doctors; and helped with the intake of new patients. In April 2012, the FBI raided New Century. Several employees were eventually indicted, including Hogan for Medicare fraud. A jury convicted Hogan guilty of conspiracy to commit health care fraud. He was sentenced to 60 months in prison.

In April 2014, Hogan appealed his sentence arguing there was: (1) a variance in the evidence used to indict and convict him; (2) insufficient evidence to prove his involvement in a conspiracy; and (3) improperly admitted hearsay evidence. In upholding the convictions, the

Sixth Circuit stated, "the record is hardly 'devoid of evidence' that Hogan knowingly and voluntarily joined the conspiracy to commit Medicare fraud." "The [G]overnment presented evidence that Hogan . . . recruited many of the clinic's patients with promises of drugs; that he instructed patients that they needed to sign up for psychotherapy treatments if they wanted those drugs; that he diagnosed patients with mental-health disorders though they had none; that he directed the clinic's doctor to prescribe Vicodin, Xanax, and similar drugs to patients; that he assisted employees in creating fake progress notes; that he created such notes himself and that he admitted to the FBI that he knew the clinic had billed Medicare for treatments never provided." Additionally, the Sixth Circuit held that any hearsay admitted was harmless given the weight of other evidence.

On February 1, 2016, Hogan filed this motion to vacate, set aside, or correct his sentence. He says false information was used to indict and convict him and he had ineffective assistance of counsel. Specifically, Hogan states his attorney did not: (1) investigate and interview witnesses requested by Hogan which could prove his innocence; (2) move to sever the case from that of co-defendant employees; (3) mention that Hogan reported the fraud to the authorities; (4) correct the Government's allegations that he was a third ranking officer at New Century and knew about the conspiracy; (5) raise the issue that there is a variance in the evidence used to indict and convict him; or (6) preserve a sufficiency of the evidence argument for appeal. Hogan insists that his report of the fraud proves that he did not knowingly and voluntarily join the conspiracy. In fact, he suggests no evidence proved that he knowingly and voluntarily joined the conspiracy.

All of Hogan's arguments are unavailing.

**III.     STANDARD OF REVIEW**

    **A.     Section 2255 Motion**

A prisoner contesting a sentence under 28 U.S.C. § 2255 must show evidence "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.' *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). Nonetheless, "a § 2255 motion may not be employed to re[-]litigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

    **B.     Ineffective Assistance of Counsel**

A defendant has a Sixth Amendment right to "the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Supreme Court's two-prong *Strickland* test for determining whether a habeas petitioner has received ineffective assistance of counsel requires petitioner to establish: (1) that counsel's performance was deficient; and (2) the deficient performance prejudiced the petitioner. *Id*. at 687.

Under prong one, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. at 688. The petitioner must identify the unreasonable acts or omissions of counsel and the court must then determine "whether, in light

3

of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Under prong two, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id*. at 691. Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

## IV. ANALYSIS

### A. Insufficient Evidence

Hogan states the evidence used to convict him was insufficient. He claims he was sentenced based on a defective indictment and false information. He says he did not take part in nor was he present for "acts of fraudulent billing and the receiving of funds or proceeds." Further, he argues "[n]o testimony was presented at trial to support the charged allegations," and that two Government witnesses and the Wisconsin Physician Service provided evidence of his innocence.

Hogan's sufficiency of the evidence argument fails. This argument was raised and decided on appeal. Hogan has not identified any intervening change in the law that creates a highly exceptional circumstance. Hogan cannot re-litigate the sufficiency of the evidence used to indict or convict him.

### B. Ineffective Assistance of Counsel

#### 1. Failure to Motion to Sever

Hogan states he was prejudiced by his attorney's failure to sever his case from his co-defendants. Hogan says the United States presented evidence of other acts of fraud on the part of co-defendants and that the jury may have applied this evidence to him.

Hogan's argument fails. He presents no evidence that the jury relied on information that did not apply to him which caused "compelling, specific and actual prejudice" to him. *United States v. Saadey*, 393 F.3d 669, 679 (6th Cir. 2005).

### 2. Failure to Mention that Hogan Reported the Medicare Fraud

Hogan says his counsel was ineffective because he failed to "inform the Court and jury" that Hogan was "initially responsible for reporting the complaint of false and fraudulent billing." He argues this evidence proves his innocence. He says this is a "failure to provide exculpable evidence."

Hogan's argument that his counsel failed to mention that he reported the Medicare fraud to the authorities fails. That Hogan reported the Medicare fraud was part of the record through his own testimony.

### 3. Failure to Call Witnesses

Hogan says his counsel was ineffective because he failed to call witnesses "whose testimony absolved him of any blame or participation in the ongoing conspiracy." Specifically, he says counsel failed to call "Petitioner's spouse, clients, and the gentleman responsible for the introduction and recruit[ment] of Petitioner for employment at New Century."

This argument fails. Hogan does not explain what testimony the witnesses would have provided. He does not prove that there is a reasonable probability that the result of the trial and sentencing would have been different if counsel had called the witnesses. He does not demonstrate prejudice.

### 4. Failure to Prevent the Usage of False and Insufficient Evidence

Hogan says his counsel was ineffective because he failed to prevent false and insufficient evidence from being used at trial and sentencing. He says that the usage of this evidence prejudiced his case.

The Sixth Circuit already ruled that the evidence used against Hogan was sufficient. Hogan cannot now re-litigate this issue through a claim of ineffective assistance of counsel.

### 5. Failure to Preserve Sufficiency of the Evidence Claim for Appeal

Hogan says his counsel failed to preserve his sufficiency of the evidence argument for appeal. He argues his counsel "neglect[ed] to renew his motion for acquittal at the close of all the evidence." Hogan insists that this failure prejudiced his case.

Hogan's argument that his counsel failed to preserve his sufficiency of the evidence claim for appeal fails. Hogan's counsel did raise this issue and it was adjudicated on appeal.

## V. CONCLUSION

The Court **DENIES** Hogan's habeas petition. Many of Hogan's arguments were adjudicated on appeal. Where an appellate court has found the underlying argument to be without merit, "any claims that [a] trial attorney was ineffective for failing to raise these same errors are procedurally barred." *Haynes v. U.S.,* No. 07-20639, 2014 WL 103216 at *10 (E.D. Mich. Jan 20, 2014).

**IT IS ORDERED.**

                                            S/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: November 2, 2016

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 2, 2016.<br><br>s/Linda Vertriest<br>Deputy Clerk |